Argued and submitted August 20, 2004, affirmed March 23, 2005

In the Matter of the Compensation of
Debra Morgan, Claimant.

SAIF CORPORATION
and Columbia Distributing Company,
*Petitioners,*

*v.*

Debra MORGAN,
*Respondent.*

02-06340; A121978

109 P3d 381

David L. Runner argued the cause and filed the briefs for
petitioners.

R. Adian Martin argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

SAIF seeks review of an order of the Workers' Compensation Board affirming the administrative law judge's order as to claimant's permanent impairment from loss of vision in one eye. We review to determine whether substantial evidence supports the board's findings of fact, ORS 656.298; ORS 183.482(7), (8), and affirm.

Claimant injured her right eye at work. After recovery, she declined to wear a contact lens, electing instead to wear glasses, which do not correct her vision as well as a contact lens would. SAIF accepted the claim and made an award of 10 percent permanent partial disability for loss of vision. Claimant challenged the award, and the only issue on review is the rating of claimant's permanent disability.

OAR 436-035-0260(2)(a) provides that loss of visual acuity is to "be measured with best correction, utilizing the lenses recommended by the worker's physician." Three physicians have been involved in this case. Dr. Burris, claimant's surgeon, who was also her attending physician until she moved, measured claimant's distance visual acuity with glasses and contact lenses and provided an opinion that claimant's visual acuity was better with contact lenses. Dr. Fox became claimant's attending physician before claim closure. He noted that claimant's distance vision would be better with contact lenses but that claimant was not interested in wearing contact lenses. He accordingly measured claimant's distance visual acuity with glasses and prescribed glasses. Dr. Burpee, the medical arbiter, measured claimant's distance and near visual acuity with glasses only, as claimant declined to wear contact lenses.

On reconsideration, the Appellate Review Unit (ARU) reasoned that the measurements taken with contact lenses reflect the "best correction," as required by the administrative rule. It accordingly adopted Burris's measure of claimant's distance visual acuity with contact lenses. Because Burris did not measure claimant's near visual acuity, the ARU used the medical arbiter's measurement, even though it was based on claimant's vision with glasses. SAIF appealed the order, contending that, because there was no

measure of claimant's near visual acuity with contact lenses, there was no basis on which to award benefits for loss of near visual acuity.

The board determined that the ARU had erred, but not in the way that SAIF described. Rather, the board held that all of claimant's visual impairment, both distance and near, should be based on measurements taken by the medical arbiter, even though those measurements were taken with glasses rather than with contact lenses. First, the board noted that under OAR 436-035-0007(14) (2003) the medical arbiter's opinion establishes the level of impairment, unless a preponderance of medical opinion establishes a different level of impairment. Further, the board reasoned, claimant's attending physician at closure, Fox, had accepted claimant's preference not to wear contact lenses and had thus prescribed glasses. In a footnote, the board explained that the publication *Guides to Evaluation of Permanent Impairment* (3rd ed rev 1990),[1] recognizes that practical problems relating to the use of contact lenses

> "are sufficient to justify a recommendation that conventional ophthalmic lenses be used to obtain best corrected vision. In the absence of contraindication, if the patient is well adapted to contact lenses *and wishes to wear them*, correction by contact lenses is acceptable."

(Emphasis added.) The board treated Fox's decision to prescribe glasses as a "recommendation that conventional ophthalmic lenses be used to obtain best corrected vision." It reasoned that the glasses prescribed by Fox were therefore "the lenses recommended by the worker's physician" on which the determination of impairment must be based. It accordingly accepted the medical arbiter's impairment measurements with the prescribed glasses for both distance and near visual acuity.

On judicial review, SAIF asserts that the board erred in failing to adopt measurements of claimant's permanent disability for her eye injury based on her vision with contact

---

[1] Under OAR 436-035-0007(7), physicians are to determine impairment using the American Medical Association's *Guides to Evaluation of Permanent Impairment*.

lenses. SAIF reasons that the board erroneously assumed that, in accepting claimant's preference not to wear contact lenses, Fox recommended against contact lenses. We do not understand the board's opinion in that way. Rather, as we have explained, it appears that the board reasoned that Fox's decision to prescribe conventional glasses was acceptable under OAR 436-035-0260(2)(a) as a means to obtain the "best corrected vision" for claimant. The board's interpretation of Fox's opinion is a reasonable one. We further agree with the board that, as claimant's attending physician, Fox was "the worker's physician," within the meaning of OAR 436-035-0260(2)(a), and the findings of impairment must be based on Fox's prescribed lenses. We conclude that, for the reasons explained, the board's opinion is based on both substantial evidence and substantial reason.

Affirmed.