In the Matter of the Compensation of
Debra Morgan, Claimant.

SAIF CORPORATION
and Columbia Distributing Company,
*Petitioners,*

*v.*

Debra MORGAN,
*Respondent.*

02-06340; A121978

116 P3d 950

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

SAIF petitions for reconsideration of our opinion in *SAIF v. Morgan*, 198 Or App 499, 109 P3d 381 (2005), arguing that we improperly relied on the American Medical Association's *Guides to Evaluation of Permanent Impairment* (3d ed rev 1990) in our opinion rather than deferring to the Appellate Review Unit's (ARU) interpretation of OAR 436-035-0260(2)(a). We grant reconsideration and adhere to our original opinion.

We briefly summarize the pertinent facts. Claimant sustained a compensable injury to her right eye. Once claimant was medically stationary, her attending physician, in rating her impairment, noted that claimant's vision would be better with contact lenses but that claimant did not wish to wear contact lenses. The medical arbiter and claimant's attending physician measured claimant's loss of central visual acuity with glasses only.

OAR 436-035-0260 concerns the rating of visual loss, which includes central visual acuity. In rating central visual acuity, the reports must be for both distance and near acuity. OAR 436-035-0260(2)(a) provides that "[b]oth acuities shall be measured with best correction, *utilizing the lenses recommended by the worker's physician*." (Emphasis added.) In our opinion, we held that the board's decision to rate claimant's impairment based on her use of glasses was proper because it appeared that the attending physician's prescription for glasses meant that the attending physician was recommending glasses and that was a reasonable interpretation of the attending physician's opinion. As such, the board's order was supported by substantial evidence and substantial reason. *Morgan*, 198 Or App at 503.

SAIF now argues that we erred in relying on the *Guides to Evaluation of Permanent Impairment* instead of deferring to the ARU's determination that the "best correction" was contact lenses. We disagree with SAIF's interpretation of our opinion. We did not rely on the *Guides*. For purposes of the rule, Dr. Fox was claimant's attending physician because he was treating claimant at the time claimant became medically stationary. OAR 436-035-0007(5). Under

those circumstances, the findings of impairment must be based on Fox's prescribed lenses. There is no requirement that the board or we defer to the ARU's erroneous interpretation of its own rule.

There is substantial evidence in the record that the "best correction," as recommended by claimant's physician, was glasses. The statement from the *Guides to Evaluation of Permanent Impairment* only sheds light on what a physician considers in making a recommendation, and supports our holding that the board's conclusion is supported by substantial evidence and substantial reason.

Reconsideration allowed; former opinion adhered to.